**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ANTHONY KEFFER,             )
                              )       Civil Action No. 2:17-cv-00332-LPL
                Plaintiff,     )
                              )       Magistrate Judge Lisa Pupo Lenihan
v.                              )
                              )
RYAN REESE, et al.,         )       ECF No. 15
                              )
                Defendants.   )


## <u>MEMORANDUM OPINION</u>

Currently before the Court in this civil rights action is a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) filed by Defendants County of Fayette, Fayette County Drug Task Force, Fayette County Prison Board, Fayette County Prison, Nancy Vernon, Jack Heneks, Jr., J.W. Eddy, Mark Brooks, and Brian Miller. (ECF No. 15.) For the reasons set forth below, the Motion will be granted.

## I.    STATEMENT OF FACTUAL ALLEGATIONS

Plaintiff alleges the following facts in his Complaint, which the Court accepts as true for purposes of the motion to dismiss.

On September 30, 2009, Plaintiff was arrested by Defendant Ryan Reese of the Fayette County Drug Task Force based on fabricated and falsified evidence provided by a confidential informant with regard to a controlled purchase of Oxycontin. (Compl. at ¶ 14, ECF No. 5.) Plaintiff was charged with Possession with the Intent to Deliver and remanded to Fayette County Prison. (*Id.*) The next day, Plaintiff posted bond and was released pending the preliminary hearing. (*Id.*)

Plaintiff contends that Defendant Reese fabricated and falsified evidence giving rise to his arrest. (*Id.*) Plaintiff asserts that Defendant Reese also knowingly utilized a confidential informant who had no personal knowledge of any prior criminal activity by Plaintiff. (*Id.* at ¶ 56.) Additionally, Plaintiff asserts that Defendant Reese was aware that the confidential informant was offering his services in hopes of leniency for a criminally charged family member. (*Id.* at ¶¶ 14, 56.)

Plaintiff avers that on December 15, 2009, the Fayette County District Attorney, Defendant Vernon, initiated a malicious prosecution using the fabricated and falsified evidence against Plaintiff. (*Id.* at ¶ 15.) On September 9, 2010, a jury trial commenced with Defendant Eddy, a Fayette County Assistant District Attorney, prosecuting on behalf of the County. (*Id.* at ¶ 19.) Plaintiff asserts that during the trial Defendant Eddy assumed "the role of an expert witness and offered an opinion before the jury as to the validity of the [drug] substance." (*Id.*) Plaintiff was ultimately convicted of all charges, and, on September 23, 2010, Plaintiff was sentenced to 27 to 54 months of incarceration. (*Id.* at ¶¶ 19-20.)

On October 15, 2010, the Fayette County public defender filed an appeal on behalf of Plaintiff, challenging Plaintiff's conviction on the basis of insufficiency of the evidence. (*Id.* at 21.) The Superior Court of Pennsylvania affirmed the trial court's ruling on May 24, 2011. (*Id.* at ¶¶ 22-23.)

Plaintiff, pro se, filed a Post Conviction Relief Act ("PCRA") on December 26, 2012. (*Id.* at ¶¶ 24, 28-30.) On October 3, 2013, the court granted Plaintiff's PCRA Petition, vacated Plaintiff's conviction, and awarded Plaintiff a new trial. (*Id.* at ¶ 32.)

On January 9, 2014, appointed counsel for Plaintiff filed Omnibus Pretrial Motions Nunc Pro Tunc raising a Petition for Habeas Corpus, a Motion to Suppress Evidence, a Motion to

Disclose and Produce Confidential Informant, and a Motion to Quash Information. (*Id.* at ¶ 33.) The trial court denied Plaintiff's Omnibus Pretrial Motions Nunc Pro Tunc as well as Plaintiff's Petition for Reconsideration. (*Id.* at ¶¶ 34-36.) Plaintiff's counsel filed a Petition to Certify Appeal of the denial of the Omnibus Pretrial Motions, which was denied. (*Id.* at ¶¶ 37-38.)

Plaintiff's new trial commenced on May 6, 2014, ending in a mistrial due to a hung jury. (*Id.* at ¶ 39.) Plaintiff contends that during the new trial he discovered that the Fayette County District Attorney had destroyed contested evidence that was exculpatory in nature. (*Id.* at ¶¶ 39, 80-81.) Plaintiff further alleges that the destruction of this evidence resulted in a *Brady* violation.[1] (*Id.* at ¶ 39.) In response, Commonwealth filed an Amended Information on May 13, 2014, and waived the corresponding arraignment. (*Id.* at ¶ 42.)

Thereafter, Plaintiff's counsel filed a Motion to Quash the Criminal Complaint alleging that the Commonwealth was unable to present a prima facie case against Plaintiff. (*Id.* at ¶ 43.) On August 11, 2014, a hearing was held on the motion resulting in the court granting Plaintiff's Motion to Quash the Criminal Complaint. (*Id.* at ¶ 44.)

The Commonwealth subsequently filed a Notice of Appeal to the Superior Court of Pennsylvania. (*Id.* at ¶ 45). On January 13, 2015, the Superior Court found in favor of the Commonwealth and reinstated the charges against Plaintiff. (*Id.* at ¶¶ 46, 48.)

On February 11, 2015, Plaintiff filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania. (*Id.* at ¶ 49.) While Plaintiff's petition to the Supreme Court of Pennsylvania was pending, the Commonwealth filed a Motion for Leave to Enter a Nolle

---

[1] A *Brady* violation refers to the Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83 (1963), in which the Court held that prosecution's failure to disclose exculpatory evidence may, in light of the circumstances of the case, undermine the truth-determining process entitling a defendant to post-conviction relief.

Prosequi ("nol pros") in the Court of Common Pleas for Fayette County citing an inability to sustain its burden of proof against Plaintiff. (*Id.* at ¶ 50.) Subsequently, on March 5, 2015, the Commonwealth's motion was granted by the Court of Common Pleas for Fayette County. (*Id.*)

After the entry of nol pros, on March 16, 2015, the Commonwealth filed a Motion to Dismiss Plaintiff's Petition for Allowance of Appeal to the Supreme Court of Pennsylvania on the basis of mootness.[2] (*Id.* at ¶ 51, s*ee also* S. Ct. of PA, Allocatur Docket Sheet, Docket No. 59 WAL 2015, *Commonwealth of PA v. Keffer*, *available at* https://ujsportal.pacourts.us/ DocketSheets/Appellate.aspx (last visited Nov. 9, 2017)) ("Pa. Dkt."). However, following a response from Plaintiff, the Supreme Court of Pennsylvania denied the Commonwealth's motion on April 10, 2015. (Pa. Dkt.) The court ultimately denied Plaintiff's Petition for Allowance of Appeal on May 20, 2015. (*Id.*)

On March 15, 2017, Plaintiff initiated the present lawsuit by filing a motion for leave to proceed in forma pauperis, which was granted on April 10, 2017. Plaintiff alleges, inter alia, that the acts of Defendants Reese, County of Fayette, Fayette County Drug Task Force, Vernon, Heneks, Eddy, and Brooks were undertaken with the purpose and intent of depriving Plaintiff of his rights under the United States Constitution and of the right not to be deprived of life, liberty, or property without due process of law in violation of the Fourth and Fourteenth Amendments. Plaintiff further alleges that the acts of Defendant Eddy deprived Plaintiff of his rights under the United States Constitution and the right to confront his accuser in violation of the Sixth Amendment. Plaintiff further asserts that the acts of Defendants County of Fayette, Fayette

---

[2] The Complaint alleges that Commonwealth's motion was filed on or about March 18, 2015; however, the docket in WAL 2015 of the Supreme Court of Pennsylvania clarifies that the motion was actually filed on March 16, 2015. The Court may consider documents that are public records in ruling on a motion to dismiss without converting it to a motion for summary judgment. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F. 2d 1192 (3d Cir. 1993).

County Prison, Fayette County Prison Board, and Miller deprived Plaintiff of his rights under the United States Constitution and the right to be free from cruel and unusual punishment in violation of the Eighth Amendment.

In response to Plaintiff's Complaint, Defendants County of Fayette, Fayette County Drug Task Force, Fayette County Prison Board, Fayette County Prison, Vernon, Heneks, Eddy, Brooks, and Miller filed a Motion to Dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 15.) Plaintiff filed a response and brief in opposition to the Motion to Dismiss. (ECF No. 26.)  This motion has been fully briefed and thus is ripe for disposition.

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the Courts apply the following standard, as recently reiterated by the Court of Appeals:

> A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." . . . "To survive a motion to dismiss, a complaint must contain sufficient *factual matter, accepted as true*, to state a claim to relief that is plausible on its face." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)] (citation and internal quotation marks omitted) [(emphasis added)]. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). Although the plausibility standard "does not impose a probability requirement," [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)], it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted). The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

*Connelly v. Lane Constr. Corp.,* 809 F.3d 780, 786-87 (3d Cir. 2016) (parallel citations omitted).

Building upon the landmark Supreme Court decisions in *Twombly* and *Iqbal*, the Court of

Appeals in *Connelly* reiterated the three-step process District Courts must undertake to determine

the sufficiency of a complaint:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are *well-pleaded factual allegations, [the] court should assume their veracity* and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679 [(emphasis added)].

*Connelly,* 809 F.3d at 787 (parallel citations omitted). At the motion to dismiss stage, "for

purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to

survive a motion to dismiss[,]" but need allege "'enough facts to raise a reasonable expectation

that discovery will reveal evidence of the necessary element[s].'" *Connelly,* 809 F.3d at 788-89

(quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550

U.S. at 556)) (footnote and parallel citations omitted).

Courts generally consider only the allegations of the complaint, attached exhibits, and

matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp.*, 998 F.2d

at 1196 (citations omitted). Factual allegations within documents described or identified in the

complaint may also be considered if the plaintiff's claims are based upon those documents. *Id*. A

district court may consider these documents without converting a motion to dismiss into a

motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426

(3d Cir. 1997).

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, pleadings and, in

particular, pro se complaints, are to be liberally construed. *Dluhos v. Strasberg*, 321 F.3d 365,

369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (holding that, when a plaintiff files a complaint pro se, the pleadings must be liberally construed and the Court must "apply the applicable law, irrespective of whether [the] pro se litigant has mentioned it by name")). *See also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 322 (3d Cir. 2001) (dissenting opinion). Indeed, a pro se complaint "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins*, 293 F.3d at 688 (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution." (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993))). However, there are limits to the court's procedural flexibility — "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

## III.    ANALYSIS

Plaintiff contends that Defendants are liable for injuries caused by their actions that resulted in a malicious prosecution, a denial of Plaintiff's right to confront his accuser, and deficient conditions of confinement. In this regard, Plaintiff seeks recovery against Defendants under 42 U.S.C. § 1983.

Defendants first assert that Plaintiff's claims against the Fayette County Drug Task

Force, Fayette County Prison Board, and Fayette County Prison should be dismissed as the proper defendant for these claims is the County of Fayette.[3] (Def.s' Br. Mot. Dismiss, ECF No. 14 at 4.) Defendants contend that these claims are redundant in relation to the claims against the County of Fayette. (*Id.*) To this point, Plaintiff concedes that the named defendants are duplicative and redundant. (Pl.'s Resp. to Def.'s Mot. Dismiss, ECF No. 26 at 2.) Thus, the Court need not further address this issue, and Defendants' Motion regarding the dismissal of Defendants Fayette County Drug Task Force, Fayette County Prison Board, and Fayette County Prison will be granted.

Defendants next contend that Defendants Vernon, Brooks, Eddy, and Heneks are shielded from liability by absolute prosecutorial immunity, and thus the § 1983 claims against them should be dismissed. (Def.s' Br. Mot. Dismiss at 6-9.) Defendants also seek dismissal of Plaintiff's § 1983 claim that alleges the conditions of confinement at the Fayette County Prison were in violation Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment. (*Id.* at 9-10.) Here, Defendants contend that Plaintiff fails to plead allegations of fact to substantiate this claim, and also that serious statute of limitations problems exist. (*Id.*) Finally, Defendants seek dismissal of Plaintiff's request for declaratory and injunctive relief asserting that Plaintiff lacks standing to seek injunctive and declaratory relief because these claims are moot. (*Id.* at 10.)

## A.     ABSOLUTE PROSECUTORIAL IMMUNITY

Defendants move for the dismissal of claims asserted against former District Attorneys Vernon and Heneks, and Assistant District Attorneys Brooks and Eddy, contending that they are

---

[3] Although Defendant County of Fayette is a named party in Defendants' Motion to Dismiss, the Motion does not seek dismissal of Plaintiff's claims asserted against the County of Fayette. Thus, the Court need not discuss Plaintiff's claims against the County of Fayette.

shielded by absolute prosecutorial immunity. Defendants' brief in support of their Motion to Dismiss refers to several paragraphs in the Complaint identifying factual averments in support of claims asserted against them. In response, Plaintiff argues that Defendants are not entitled to absolute immunity as the identified conduct was outside the role of an advocate, and therefore prosecutorial immunity does not apply. Following the Court's review of the Complaint, the Court finds that the Defendants do not seek dismissal of all claims Plaintiff has asserted against them; rather, several factual averments in support of claims against Defendants were not addressed in Defendants' brief relating to prosecutorial immunity.

First, Defendants do not address the § 1983 failure to train and failure to supervise claims asserted against Defendant Vernon in paragraphs 71 through 73.[4] (Compl. at ¶¶ 71-73.) Defendants further do not address Plaintiff's claim asserted against Defendant Eddy alleging that he "purposely set out to defraud the appellate court citing non existent [sic] evidence in appellant [sic] brief during Plaintiff [sic] direct appeal thus depriving Plaintiff of a fair and meaningful appeal." (*Id.* at ¶ 78.) Finally, the Defendants do not address Plaintiff's claim against Defendant Heneks in paragraph 86 asserting that Defendant Heneks had "knowledge of exculpatory evidence when it came to the credibility of Defendant Ryan Reese and failed to disclose said evidence." (*Id.* at ¶ 86.) Because Defendants do not address the above claims in their Motion, the Court need not address whether Defendants are entitled to immunity in regard to those claims. Thus, the Court will limit its analysis specifically to the factual averments and claims discussed in Defendants' brief.

---

[4] The failure to train and failure to supervise claims pertain to Defendant Reese and the Fayette County Drug Task Force, and also to the Fayette County District Attorney's Office "handling, identifying, storing and securing" of evidence in criminal prosecutions. (Compl. at ¶¶ 71-73.)

The doctrine of absolute immunity shields prosecutors from liability related to their official acts. *See Imbler v. Pachtman*, 424 U.S. 409, 417–20 (1976). "More than a mere defense to liability, prosecutorial immunity embodies the right not to stand trial, and is properly raised in a Rule 12(b)(6) motion to dismiss." *Odd v. Malone,* 538 F.3d 202, 207 (3d Cir. 2008) (internal quotations and citations omitted). "A prosecutor bears the 'heavy burden' of establishing entitlement to absolute immunity," *Odd*, 538 F.3d at 207 (quoting *Light v. Haws,* 472 F.3d 74, 80–81 (3d Cir. 2007), and thus the court begins with the "presumption that qualified rather than absolute immunity is appropriate." *Odd*, 538 F.3d at 208 (citing *Carter v. City of Philadelphia,* 181 F.3d 339, 355 (3d Cir. 1999) (citing *Burns v. Reed,* 500 U.S. 478, 486–87 (1991))).

Under this doctrine, a prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." *Imbler*, 424 U.S. at 410. "While this immunity extends to acts that are intimately associated with the judicial phase of the criminal process, it does not include a prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Ekwunife v. City of Philadelphia*, 245 F. Supp. 3d 660, 670-71 (E.D. Pa. 2017) (internal quotations and citations omitted). Prosecutorial activities outside the courtroom receive the same protection only if they are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 430). "Ultimately, whether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation." *Yarris v. Cnty. of Del.*, 465 F.3d 129, 136 (3d Cir. 2006) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993)).

The Third Circuit has further explained that "a person is not immune from suit for every wrong he commits just because he happens to be employed as a prosecutor: the inquiry focuses on the nature of the function performed, not the identity of the actor who performed it." *Schneyder v. Smith*, 653 F.3d 313, 332 (3d Cir. 2011) (citing *Odd*, 538 F.3d at 208) (internal citations omitted). A court's analysis of absolute immunity has two steps: first, "[t]he court must ascertain just what conduct forms the basis for the plaintiff's cause of action," and second, "it must then determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Odd*, 538 F.3d at 208. The court "focuses on the unique facts of each case" and carefully dissects the prosecutor's actions. *Id.* at 210. Three factors have been recognized as helpful to the functional analysis of a particular prosecutorial activity: (1) the physical and temporal relationship of the activity in question to the judicial process; (2) the degree to which the acts depend upon legal opinions and/or discretionary judgments; and (3) the extent to which the acts at issue are primarily concerned with the prosecutor's role as an advocate. *Wilkinson v. Ellis*, 484 F. Supp. 1072, 1081 (E.D. Pa. 1980). Where a prosecutor's role as an advocate has not yet begun, or where it has concluded, absolute immunity does not attach. *Yarris*, 465 F.3d at 137.

The United States Supreme Court explains that a rule of absolute prosecutorial immunity may "leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler*, 424 U.S. at 427. However, the "[h]arm to a falsely-charged defendant is remedied by safeguards built into the judicial system— probable cause hearings, dismissal of the charges—and into the state codes of professional responsibility." *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir. 1992) (citing *Burns*, 500 U.S. at 485-86).

Here, the first claim Defendants seek to dismiss concerns Plaintiff's assertion that Defendant Vernon "fail[ed] to properly conduct a diligent investigation to the validity of the charges filed by Defendant Ryan Reese and the corroboration of evidence included in criminal filing [sic]." (Compl. at ¶ 70.) Defendants assert that "Plaintiff is claiming that [the above actions] led to [Defendant Vernon] pursuing a criminal prosecution based upon Reese's allegedly fabricated evidence." (Def.s' Br. Mot. Dismiss at 7.) To this point, Defendants contend that Defendant Vernon is entitled to absolute prosecutorial immunity because "'[t]he decision to initiate a prosecution is at the core of a prosecutor's judicial role. A prosecutor is absolutely immune when making this decision, even when he acts without a good faith belief that any wrongdoing had occurred.'" *Id.* (quoting *Kulwicki*, 969 F.2d at 1463). The Court agrees.

Defendant Vernon's decision to pursue criminal prosecution against Plaintiff, regardless of the validity of the charges, is "within the scope of her duties in initiating and pursuing a criminal prosecution." *Imbler,* 424 U.S. at 410. "[A] prosecutor will enjoy absolute immunity for [her] actions on behalf of the state in preparing for, initiating, and prosecuting criminal charges, even when those charges are initiated maliciously, unreasonably, or without probable cause." *Proctor v. Stewart*, No. 4:17-CV-01429, 2017 WL 5505869, at *2 (M.D. Pa. Sept. 21, 2017) *report and recommendation adopted de novo,* No. 4:17-CV-1429, 2017 WL 5499161 (M.D. Pa. Nov. 16, 2017) (citing *Rose v. Bartle*, 871 F.2d 331, 347 n.12 (3d Cir. 1989). Accordingly, Defendant Vernon is entitled to absolute prosecutorial immunity in relation to Plaintiff's allegations set forth in paragraph 70 of the Complaint.

Defendants next seek to dismiss Plaintiff's claims against Defendant Eddy. Plaintiff alleges that Defendant Eddy violated Plaintiff's Sixth Amendment right to confront his accuser "by eliciting expert testimony from a person other than the person who performed testing and

signed [the] findings." (Compl. at ¶ 76.) Plaintiff further alleges that Defendant Eddy improperly offered expert testimony concerning the identification of evidence. (*Id.* at ¶ 77.) In response, Defendants assert that these actions "fall[] squarely within the scope of [Defendant Eddy's] absolute immunity," and therefore Defendant Eddy is entitled to absolute prosecutorial immunity. (Def.s' Br. Mot. Dismiss at 8.) The Court agrees and finds Defendant Eddy is entitled to prosecutorial immunity. The above claims set forth by Plaintiff occurred pursuant to Defendant Eddy's role as an advocate for the state.

Defendant Eddy's decision to elicit testimony from a witness, regardless who the witness may be, is clearly a prosecutorial function that occurred during the judicial process. Moreover, Defendant Eddy's decision was a discretionary judgment requiring legal analysis as an advocate. Additionally, Defendant Eddy's method of offering evidence during trial, regardless of its authenticity, is a prosecutorial function entitled to absolute immunity as it is "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. The offering of evidence occurs during the judicial process in preparation for, and prosecution of criminal charges. Furthermore, Defendant Eddy used discretionary judgment in determining what evidence to offer and how to offer said evidence. Therefore, Defendant Eddy is entitled to absolute prosecutorial immunity in relation to the above claims set forth in paragraphs 76 and 77 of the Complaint.

The Defendants next seek to dismiss claims against Defendant Heneks. Plaintiff asserts that former District Attorney Heneks "intentionally submit[ted] perjured testimony in appellate [sic] brief" with the intent to defraud the court and deny Plaintiff the right to a fair and meaningful appellate review. (Compl. at ¶ 82.) In response, Defendants contend that Defendant Heneks' alleged actions are entitled to absolute prosecutorial immunity. The Court again agrees

with Defendants. Submitting an appellate brief, regardless of intent or content, is a regular prosecutorial function intimately associated with the judicial phase of litigation. Here, the physical act of submitting an appellate brief occurred in furtherance of Plaintiff's criminal prosecution. Moreover, the drafting and submitting of a legal brief requires legal advocacy and discretionary judgment with the goal of furthering the prosecution's cause. Therefore, the Court finds that Defendant Heneks is entitled to absolute prosecutorial immunity.

Next, the Defendants seek to dismiss claims against Defendant Brooks contending Defendant Brooks is entitled to absolute prosecutorial immunity. Plaintiff asserts that Defendant Brooks "knowingly accept[ed] amendment of charges . . . after the statute of limitations had run in an attempt to conceal the truth and continue to deprive Plaintiff civil rights [sic]." (Compl. at ¶ 88.) Defendants assert that "[a]mending criminal charges is a prosecutorial function shielded by absolute immunity." (Def.s' Br. Mot. Dismiss at 8.) The Court agrees and finds that accepting amendments to criminal charges is an act "within the scope of [a prosecutor's] duties in initiating and pursuing a criminal prosecution." *Imbler*, 424 U.S. at 410. Defendant Brooks accepted the amended charges following Plaintiff's retrial that ended in a mistrial due to a hung jury. (Compl. at ¶¶ 39, 88.) Furthermore, accepting amendments to criminal charges requires discretionary judgment and legal analysis as an advocate regarding, inter alia, the validity of the charges, resources of the District Attorney's Office, and the likelihood of successful prosecution. Therefore, Defendant Brooks is entitled to absolute prosecutorial immunity.

Plaintiff also asserts that Defendant Brooks "[knew] of deliberate destruction of exculpatory evidence and attempted to conceal said knowledge from Defendant." (Compl. at ¶ 80). Defendants respond by moving for dismissal of this claim as it is unsupported by any

allegation of facts[5]; and, furthermore, that Defendant Brooks is entitled to absolute prosecutorial immunity under the Supreme Court's holding in *Imbler*. (Def.s' Br. Mot. Dismiss at 8-9.)

In determining whether Defendant Brooks is entitled to absolute prosecutorial immunity, the Court must determine whether having knowledge of the destruction of exculpatory evidence and attempting to conceal said knowledge from Plaintiff is a prosecutorial function intimately associated with the judicial phase of the criminal process. In *Imbler,* the Supreme Court held, inter alia, that prosecutors were immune from claims that they had knowingly used false testimony at trial, deliberately suppressed exculpatory evidence, and prosecuted the defendant with knowledge that he had been "cleared" by a lie detector test. *See Imbler,* 424 U.S. at 416. However, this Court acknowledges that absolute prosecutorial immunity is limited. The Third Circuit recently noted that "there are circumstances in which prosecutors are not absolutely immune for knowingly failing to preserve exculpatory evidence." *Munchinski*, 618 F. App'x 150, 154 n.5 (3d Cir. 2015). "Unlike decisions on whether to withhold evidence from the defense, decisions to destroy evidence are not related to a prosecutor's prosecutorial function." *Yarris*, 465 F.3d at 136; *see also Wilkinson v. Ellis*, 484 F. Supp. 1072, 1084-85 (E.D. Pa. 1980) (holding that a prosecutor is not entitled to absolute immunity for destroying exculpatory evidence). The court in *Wilkinson* reasoned as follows:

> The destruction of evidence has a uniquely damaging effect on the administration of justice, for once evidence has been destroyed it cannot be retrieved for judicial review. And the destruction is irrevocable, with a concomitant impossibility of vindication by a wronged defendant and an accompanying subversion of the public interest in correct, not merely swift, justice.

---

[5] The Court need not address this argument given the Court's ultimate conclusion that Defendant Brooks is entitled to absolute prosecutorial immunity regarding this claim.

*Wilkinson*, 484 F. Supp. at 1084. Moreover, in *Henderson v. Fisher*, 631 F.2d 1115, 1120 (3d Cir. 1990), the Third Circuit held that "a prosecutor's knowing failure to stop the removal of exculpatory material" could not be characterized as "presenting the State's case." Thus, the distinction between withholding and destroying exculpatory evidence is important to the analysis of whether the prosecutor is entitled to absolute immunity.

Here, the factual averments set forth in the Complaint do not allege that Brooks was the person who destroyed the exculpatory evidence. Indeed, the Complaint fails to identify who at the Fayette County District Attorney's Office destroyed the evidence. Nor does the Complaint assert when the evidence was destroyed. The Complaint further does not assert that Defendant Brooks knowingly failed to stop the removal of exculpatory evidence. The Complaint merely contends that Brooks had knowledge of the destruction of exculpatory evidence and attempted to conceal this knowledge. (Compl. at ¶ 80.) The Court finds the concealing of knowledge that exculpatory evidence was destroyed is analogous to the withholding of exculpatory evidence from a Plaintiff - an act deemed to be intimately associated with the judicial phase of the criminal process by the Supreme Court in *Imbler*.

Thus, because the "[h]andling [of] evidence . . . clearly falls within a prosecutor's duties of initiating and presenting the State's case," (*Henderson*, 631 F.2d at 1120), Defendant Brooks' actions are a prosecutorial function entitled to absolute immunity. *See also Douris v. Schweiker,* 229 F. Supp. 2d 391, 399 (E.D. Pa. 2002) ("withholding exculpatory evidence is a quasi-judicial act protected by absolute immunity"); *Gibbs v. Deckers,* 234 F. Supp. 2d 458, 462-63 (D. Del. 2002) (holding that concealing of exculpatory evidence is a function entitled to prosecutorial immunity).

Even if the Court were to determine that Defendant Brooks acted with bad faith by concealing his knowledge of the destruction of exculpatory evidence, prosecutorial immunity still applies. "Prosecutorial immunity applies even if the prosecutor acted willfully, maliciously, or in bad faith." *Fuchs v. Mercer Cnty.,* No. 06CV0821, 2006 WL 2642408, at *2–3 (W.D. Pa. Sept. 13, 2006), *aff'd*, 260 F. App'x 472 (3d Cir. 2008) (citing *Imbler,* 424 U.S. at 427, 428 n. 27; *Ernst v. Child & Youth Servs. of Chester Cnty.,* 108 F.3d 486, 502 (3d Cir.1997)). Accordingly, the Court will grant Defendants' Motion with regard to Defendant Brooks' alleged knowledge of the destruction of exculpatory evidence and attempt to conceal this knowledge.

The Third Circuit has instructed district courts to allow amendment by the plaintiff in civil rights cases brought under § 1983 before dismissing pursuant to Rule 12(b)(6), irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile). Here, the Court finds that amendment would be futile, as the aforementioned actions of the Defendants are immune from suit under § 1983. Accordingly, the Court will not grant Plaintiff leave to amend.

B.      FAILURE TO TRAIN AND FAILURE TO SUPERVISE

Plaintiff alleges that Defendant Heneks failed to provide proper training and supervision to the employees of the Fayette County Drug Task Force. (Compl. at ¶ 83.) Defendants assert that the "Complaint fails to state a viable claim against former District Attorney Heneks" because he was not the district attorney directing the Fayette County Drug Task Force at the time

of Plaintiff's arrest.[6] (Def.s' Br. Mot. Dismiss at 8.) In reviewing the Complaint, it is unclear

when Defendant Heneks became "legally responsible to provide proper training and supervision

to the employees of [t]he Fayette County Drug Task Force." (Compl. at ¶ 83.) Plaintiff asserts

that, at the time of his arrest, the Fayette County Drug Task Force was under the direction of then

Fayette County District Attorney Nancy Vernon and Assistant District Attorney Brooks. (*Id.* at ¶

14.) Nonetheless, Plaintiff asserts § 1983 claims against Defendant Heneks for failure to train

and failure to supervise employees of the Fayette County Drug Task Force. (*Id.* at ¶¶ 83-84.)

In order to "state a claim of liability under §1983, [a plaintiff] must allege that [he] was

deprived of a federal constitutional or statutory right by a state actor." *Leshko v. Servis*, 423 F.3d

337, 339 (3d Cir. 2005) (citation omitted). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage of any State . . . , subjects, or causes to be subjected, any citizen of the United
> States of any other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983. Therefore, to state a claim for relief under § 1983, a plaintiff must demonstrate

both that the defendants were acting under color of state law and that a constitutional violation

was directly caused by their conduct. *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir.

1994). Section 1983 does not create rights; it simply provides a remedy for violations of those

rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199,

1204 (3d Cir. 1996) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Mark v. Borough*

---

[6] Although Defendants raise this argument under the analysis pertaining to prosecutorial
immunity, it appears that Defendant Heneks does not seek prosecutorial immunity here; rather, it
appears that Defendants seek to dismiss Plaintiff's § 1983 failure to train and failure to supervise
claims for failing to state a claim. Given the Court's conclusion that these claims are dismissed
against Heneks because he was not the District Attorney at the time of the injury, the Court need
not address prosecutorial immunity.

*of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).

For Plaintiff's § 1983 claims against Defendant Heneks to survive Defendants' Motion to Dismiss, Plaintiff must aver sufficient facts to plausibly demonstrate that Defendant Heneks was acting under color of state law at the time of the alleged constitutional violation. *Connelly*, 809 F.3d at 786-87; *see also Piecknick*, 36 F.3d at 1255-56. Here, Plaintiff does not assert that Defendant Heneks was acting under color of state law at the time of his arrest. That is, the Complaint does not identify when Defendant Heneks became the Fayette County District Attorney. Nonetheless, Plaintiff asserts that Defendant Heneks' failure to train and failure to supervise claims arise from Defendant Heneks' official capacity as Fayette County District Attorney. (*See* Compl. at ¶¶ 83-84.) However, this assertion is inconsistent with previous factual averments in the Complaint. According to Plaintiff, Defendant Vernon was the Fayette County District Attorney at the time of his arrest. (*See id.* at ¶¶ 14-15.) Therefore, in viewing the facts in a light most favorable to Plaintiff, the Court cannot plausibly infer that that Defendant Heneks was acting under color of state law at the time of the alleged constitutional violation, because he would have had no personal involvement in the development of policy or practice relating to training or supervision. Therefore, the Court will grant Defendants' Motion to Dismiss relating to the failure to train and failure to supervise claims against Defendant Heneks.

The Court further finds that leave to amend would be futile because, according to the Complaint, Defendant Vernon and not Defendant Heneks, was the Fayette County District Attorney at the time of Plaintiff's arrest. Thus, the Court will not grant Plaintiff leave to amend.

### C.   CONDITIONS OF CONFINEMENT

It appears that Plaintiff seeks recovery against Defendants Miller and County of Fayette under 42 U.S.C. § 1983. Defendants argue that Plaintiff's claims are barred by the statute of

limitations. The limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state law. Under Pennsylvania law, the applicable statute of limitations period for civil rights actions asserted under 42 U.S.C. § 1983 is two years. *See* 42 Pa. C.S. § 5524. The date when a civil rights action accrues (begins to run), however, is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the defendant. *See Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the statute of limitations period); *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir. 1988), *abrogated by Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) (a federal cause of action accrues when the plaintiff is either "aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong").

Here, Defendants assert that "[s]erious statute of limitations problems exist relative to any conditions of confinement claims." (Def.s' Br. Mot. Dismiss at 9.) It appears that Defendants contend that the date of accrual would have occurred in 2009, the year Plaintiff was arrested. (*Id.*) Thus, Defendants assert that Plaintiff's conditions of confinement claims are time barred by the applicable statute of limitations.[7] (*Id.*) The Court agrees.

Plaintiff avers that he was housed in the Fayette County Prison "during any and all times his presence was required at the Fayette County Courthouse." (Compl. at ¶ 52.) Even construing

---

[7] Defendants appear to invoke the so called "Third Circuit Rule" which permits the statute of limitations to be raised by motion under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975) (footnote omitted)).

the facts in a light most favorable to the Plaintiff[8], the absolute latest date on which Plaintiff

could have become aware of the conditions causing his alleged constitutional injury is February

26, 2015, the date Plaintiff posted bail and was released by the Fayette County Prison. (*See* Court

of Common Pleas of Fayette County, Criminal Docket, Docket No. CP-26-CR0001702-2009,

*Commonwealth of PA v. Keffer, available at* https://ujsportal.pacourts.us/ DocketSheets/CP.aspx

(last visited Nov. 9, 2017)) ("Fayette Cnty. Dkt."). Thus, because Plaintiff did not initiate the

current proceedings against Defendant County of Fayette[9] and Defendant Miller until March 15,

2017, more than two years after the date of accrual, Plaintiff's claims of deficient and unsafe

conditions of confinement are time barred. Furthermore, Plaintiff fails to aver facts that would

merit the application of the equitable tolling doctrine.[10] Because leave to amend the Complaint

would be futile, the Court will grant Defendants' Motion with prejudice.

Additionally, because the Court finds Plaintiff's conditions of confinement claims are

time barred, the Court need not address whether the conditions of confinement that Plaintiff

experienced at the Fayette County Prison constitute cruel and unusual punishment in violation of

the Eighth Amendment of the United States Constitution.

### D.    STANDING TO SEEK DECLARATORY AND INJUNCTIVE RELIEF

The Court must next address whether this case, or any aspect of the relief requested by

Plaintiff, is moot. "It is axiomatic that the federal courts may not decide an issue unless it

---

[8] *See Dluhos*, 321 F.3d at 369.

[9] *See supra* Section A.

[10] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

presents a live case or controversy . . . This limitation derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *DeGrange v. West*, No. Civ. A. 03-5753, 2005 WL 1279132, at *2 (E.D. Pa. May 26, 2005), *aff'd*, 196 F. App'x 91 (3d Cir. 2006) (quoting *Abdul-Akbar v. Watson,* 4 F.3d 195, 206 (3d Cir. 1993)) (internal quotations and citations omitted). "While helping one's fellow citizen is an admirable goal, the Constitution limits federal court jurisdiction to review of 'actual cases or controversies' in which the plaintiff has a 'personal stake' in the litigation.'" *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) (citing U.S. Const. art. III, § 2; *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-97 (1980); *O'Shea v. Littleton*, 414 U.S. 488 (1974)).

This Court has held that a prisoner's claims for declaratory and injunctive relief become moot when the prisoner is released from the facility in which the alleged constitutional violation occurred. *Mayon v. Wetzel*, No. 2:15-CV-1003, 2017 WL 1211626, at *3 (W.D. Pa. Apr. 3, 2017) (citing *Cobb v. Yost*, 342 F. App'x 858, 859 (3d Cir. 2009)); *see also Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims.").

> "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." [*O'Shea,* 414 U.S. at 495-496.] "Abstract injury is not enough ... [T]he injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101-102 (1983).

> The Third Circuit has held that a prisoner's claim for prospective relief from the conditions of his confinement under § 1983 becomes moot once that prisoner is released or transferred from custody, absent a reasonable likelihood that the former prisoner will again be subject to the defendants' conduct at issue. *See Winsett v. McGinnes,* 617 F.2d 996, 1003 (3d Cir. 1980); *Abdul-Akbar v. Watson,* 4 F.3d 195, 207 (3d Cir. 1993); *Sutton v. Rasheed,* 323 F.3d 236, 248 (3d Cir. 2003). *See also, e.g., Wirsching v. Colorado,* 360 F.3d 1191, 1196 (10th Cir. 2004).

*DeGrange*, 2005 WL 1279132, at *2 (parallel citations omitted). A narrow exception exists when a case presents a question "capable of repetition yet evading review." *Mayon*, 2017 WL 1211626, at *3 (citing *Cobb*, 342 F. App'x at 859).

Here, Plaintiff seeks a declaratory judgment concerning the deprivation of his rights, specifically regarding the conditions of confinement while incarcerated at the Fayette County Prison. (Compl. at ¶¶ 89-95, 99.) Plaintiff further seeks a preliminary and permanent injunction preventing Defendants and Defendants' agents from "admitting any new committals to the Fayette County Prison . . . ." (*Id.* at ¶ 100.) According to Plaintiff, he was housed in the Fayette County Prison "during any and all times his presence was required at the Fayette County Courthouse." (*Id.* at ¶ 52.) According to the Court of Common Pleas of Fayette County Criminal Docket, Plaintiff was released from the Fayette County Prison after posting bail on February 26, 2015.[11] ("Fayette Cnty. Dkt.").  Accordingly, given that the underlying Fayette County charges against Plaintiff were terminated by the trial court's entry of nol pros on March 5, 2015 (Compl. at ¶ 50), Plaintiff's presence was no longer required at the Fayette County Courthouse.

Although the Court recognizes a narrow exception when a case presents a question capable of repetition yet evading review, this is not one of them. The Third Circuit has held that "[s]peculation that [Plaintiff] could return to prison does not overcome the mootness doctrine." *Cobb*, 342 F. App'x at 859 (quoting *Abdul-Akbar*, 4 F.3d at 206) (internal quotations omitted). Moreover, to the extent Plaintiff is attempting to bring this action on behalf of others incarcerated at Fayette County Prison, Plaintiff lacks standing to do so. "Courts have consistently held that an inmate does not have standing to sue on behalf of other prisoners. A prisoner must

_____

[11] The Court may consider documents that are public records in ruling on a motion to dismiss without converting it to a motion for summary judgment. *Pension Benefit Guar. Corp.*, 998 F. 2d 1192.

allege a personal loss and seek to vindicate a deprivation of his own constitutional rights, not others." *Mayon*, 2017 WL 1211626, at *3 (internal citations and quotations omitted).

Therefore, because Plaintiff was released from the Fayette County Prison in 2015 and this case does not meet the mootness doctrine exception, Plaintiff's claims for declaratory and injunctive relief are moot. Since this Court does not have the authority to decide moot questions[12], Defendants' Motion to Dismiss regarding Plaintiff's declaratory and injunctive relief will be granted with prejudice. Furthermore, upon consideration of the above, the Court finds that leave to amend would be futile. Thus, the Court will not grant Plaintiff leave to amend.

## IV.    CONCLUSION

For the reasons set forth above, the Court will grant Defendants' Motion to Dismiss. The Court will grant Defendants' Motion as to the dismissal of Defendants Fayette County Drug Task Force, Fayette County Prison Board, and Fayette County Prison, and these parties will be terminated as party defendants.

The Court will further grant Defendants' Motion with regard to the absolute prosecutorial immunity of Defendant Vernon except as to the issue of failure to train and failure to supervise. The Court will further grant the Motion with regard to Defendants Eddy and Heneks, limited to the issues identified by Defendants and as discussed above in Section III.A.

The Court will further grant Defendants' Motion with regard to the absolute prosecutorial immunity of Defendant Brooks.  He will be terminated as a party defendant.

The Court will grant Defendants' Motion regarding Plaintiff's § 1983 failure to train and failure to supervise claims asserted against Defendant Heneks.

---

[12] *See North Carolina v. Rice*, 404 U.S. 244 (1971) (holding that a federal court is not empowered to decide moot questions or abstract propositions).

The Court will grant Defendants' Motion as to the conditions of confinement claim and for declaratory and injunctive relief, and Defendant Miller will be terminated as a party defendant.

An appropriate Order will follow.

Dated: February 16, 2018.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:    Anthony K. Keffer
904 N. Jefferson St.
Connellsville, PA  15425

All Counsel of Record
Via Electronic Filing