# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY K. KEFFER, | ) | |
| | ) | Civil Action No. 2: 17-cv-00332-LPL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| THE CITY OF CONNELLSVILLE et al., | ) | |
| | ) | ECF No. 45 |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Currently before the Court in this civil rights action is a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) filed by Defendant City of Connellsville. (ECF No. 45.) For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss with prejudice.

## I. STATEMENT OF FACTS

### A. Brief Procedural History

On March 15, 2017, Plaintiff Anthony K. Keffer ("Plaintiff"), pro se, initiated the present lawsuit by filing a motion for leave to proceed in forma pauperis which was granted on April 10, 2017. On April 11, 2017, the Complaint was filed alleging that Defendants acted with the purpose and intent of depriving Plaintiff of his rights under the United States Constitution. (ECF No. 5.)

In response to Plaintiff's Complaint, Defendant City of Connellsville ("Connellsville") filed a Motion to Dismiss the Complaint on September 25, 2017, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 13.) Plaintiff filed a brief in opposition to the Motion to Dismiss. (ECF No. 26.)

On January 19, 2018, the Court issued a Memorandum Opinion granting Connellsville's motion as it related to Plaintiff's claims for failure to train and failure supervise without prejudice to Plaintiff filing an amended complaint. (ECF No. 31.) The Court denied the motion as it related to the statute of limitations defense without prejudice to the renewal of the statute of limitations defense on a motion for summary judgement. (*Id.*) On the same day, the Court issued a corresponding Order instructing Plaintiff to file any amended complaint no later than February 5, 2018. (ECF No. 32.) After the Court granted Plaintiff's two motions for extension of time to amend his Complaint, Plaintiff was instructed to file an amended complaint by March 15, 2018. (ECF Nos. 34 & 38.) On March 15, 2018, Plaintiff filed his First Amended Complaint. (ECF No. 39.)

On March 28, 2018, the Court issued an Order stating in relevant part:

> Plaintiff . . . stated in his Amended Complaint that he re-alleges and incorporates all claims made in his Original Complaint. (ECF No. 39 at Introduction, p.2.)
>
> **The filing of an amended complaint completely replaces any previous complaint filed in a civil action, and therefore, the Court will not incorporate claims from the Original Complaint that are not fully set out in the Amended complaint.** . . . [T]he Court will strike Plaintiff's Amended Complaint at ECF No. 39, and grant Plaintiff leave to file an amended complaint by April 18, 2018.

(ECF No. 40) (emphasis in original).

Plaintiff subsequently filed his new Amended Complaint on April 18, 2018, and despite the Court's instruction, attempted to reincorporate factual claims made in the Original Complaint by stating, "Plaintiff does incorporate section IV Facts of Original Complaint 14 through 51 and remov[es] any references to claims dismissed against any prior defendants excluding surviving claims against any defendant(s) for failure to train." (ECF No. 41 at Introduction.) Then, on May

2

4, 2018, Connellsville filed the present Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure with supporting brief. (ECF Nos. 45 & 46.) The Court issued an Order instructing Plaintiff to file his responsive brief by May 30, 2018. (ECF No. 47.) Plaintiff then filed a Motion for Extension of Time until June 13, 2018 to file a response to any pending motions to dismiss. (ECF No. 48.) On June 1, 2018, the Court granted the motion. (ECF No. 49.) Plaintiff has failed to file any further motions for extension of time. He has filed no response to the present Motion to Dismiss.[1]

Thus, because Plaintiff is proceeding pro se, the Court will consider all relevant allegations stated in both his Original and Amended Complaints in its analysis of the present Motion to Dismiss. (ECF Nos. 5 & 41.) Additionally, the Court will consider Plaintiff's brief in response (ECF No. 26) to Connellsville's initial Motion to Dismiss (ECF No. 13).

### B. Relevant Factual Allegations

Plaintiff alleges the following facts in his Original and Amended Complaints, which the Court accepts as true for the purposes of the Motion to Dismiss. (ECF Nos. 5 & 41.)

Plaintiff avers that all relevant times, Defendant Ryan Reese ("Reese") was a police officer employed by the City of Connellsville Police Department. (Amend. Compl. ¶ 4, ECF No. 41.) Plaintiff further alleges that Defendant Connellsville is responsible for the polices, practices, and customs of its employees. (*Id.* ¶ 5.) Plaintiff asserts that Connellsville had a duty to train and discipline its employees for unlawful conduct. (*Id.* ¶¶ 5, 6.) Plaintiff also asserts that in 2002 or 2003, Reese was assigned to the Fayette County Drug Task Force, "a coordinated effort among local municipal police departments and the Office of Attorney General to investigate violations

---

[1] On June 14, 2018, when Plaintiff's response to the present Motion to Dismiss was not filed by the June 13, 2018 due date, the Courtroom Deputy placed a telephone call to the telephone number of record. An automated message informed the Courtroom Deputy that the phone number of record was a non-working number.

of the state Controlled Substances, Drug[s], Device and Cosmetic Act." (*Id.* ¶ 19.) Plaintiff contends that Reese was appointed as the supervisor of the task force in 2009, but "[a]t some point," was removed from this position and continued working with the task force. (*Id.*)

On September 30, 2009, Plaintiff was arrested by Defendant Reese based on evidence provided by a confidential informant regarding a controlled purchase of Oxycontin. (Compl. ¶ 14, ECF No. 5.) Plaintiff was charged with Possession with the Intent to Deliver and remanded to Fayette County Prison. (*Id.*)

Plaintiff alleges that Defendant Reese fabricated and falsified the evidence leading to his arrest. (*Id.*) Plaintiff also avers that Reese knowingly utilized a confidential informant who had no personal knowledge of any prior criminal activity by Plaintiff. (*Id.* ¶ 56.) Plaintiff further alleges that Reese was aware that the confidential informant was offering his services in the hopes of leniency for a criminally charged family member. (*Id.* ¶¶ 14, 56.)

On September 9, 2010, Plaintiff was convicted of all charges. (*Id.* ¶ 19.) On September 23, 2010, Plaintiff was sentenced to 27 to 54 months of incarceration. (*Id.* ¶ 20.) After a series of appeals, Plaintiff was awarded a new trial. (*Id.* ¶¶ 22-24, 28-30, 32.) Eventually, a nol pros was entered in the Court of Common Pleas for Fayette County citing the Commonwealth's inability to sustain its burden of proof against Plaintiff. (*Id.* ¶ 50.)

Plaintiff alleges that Connellsville failed to develop required policies and procedures to properly train Defendant Reese resulting in the deprivation of Plaintiff's civil rights. (Amend. Compl. ¶ 20, ECF No. 41.) Additionally, Plaintiff alleges that Connellsville knew or should have known of the illegal conduct of Defendant Reese but failed to properly supervise or discipline him to discourage his unlawful abuse of authority. (*Id.* ¶¶ 22-25.) Specifically, Plaintiff alleges that on November 1, 2012, Reese was suspended from the Attorney General's taskforce because

he admitted to having sexual relations with female informants. (*Id.* ¶ 19.) At this time through February 2013, the task force supervisor met several times with the Connellsville Police Chief, Mayor, and others. (*Id.*) During these meetings, Reese's sexual conduct with two female confidential informants was discussed. (*Id.*) The Police Chief was also informed that in addition to Reese's admission to sexual contact with the two female informants, further allegations were made by six other women that from 2005 to 2012, he engaged in sexual relations with them in exchange for money and/or drugs. (*Id.*) Other allegations conveyed to the Police Chief included that Reese paid a woman to plant controlled substances in a residence and that he had stolen money from drug suspects. (*Id.*) It was also alleged that Reese took women with whom he was having sexual relations along with him in a Connellsville police patrol when responding to police calls. (*Id.*) On February 11, 2013, Reese was dismissed from the task force. (*Id.*) The reasons for the dismissal included the information learned during the task force supervisor's investigation. (*Id.*)

On November 9, 2016, Reese was convicted of corruption of a minor due to his conduct while interacting with confidential informants. (*Id.* ¶ 14.) On December 12, 2017, Defendant Reese was convicted of "Official Oppression-Arrest Search etc." due to his conduct while interacting with confidential informants. (*Id.* ¶ 15.) In instituting the present suit, Plaintiff seeks to hold Defendant City of Connellsville liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the Courts apply the following standard as described by the Court of Appeals:

> A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." . . . "To survive a

> motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to state a claim to relief that is plausible
> on its face." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)] (citation
> and internal quotation marks omitted). "A claim has a facial
> plausibility when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant is liable
> for the misconduct alleged." *Id.*; *see also Sheridan v. NGK Metal
> Corp,*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). Although the
> plausibility standard "does not impose a probability requirement,"
> [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)], it does
> require a pleading to show "more than a sheer possibility that a
> defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A
> complaint that pleads facts "merely consistent with a defendant's
> liability . . . stops short of the line between possibility and
> plausibility of entitlement to relief." *Id.* (citation and internal
> quotation marks omitted). The plausibility determination is "a
> context-specific task that requires the reviewing court to draw on
> its judicial experience and common sense." *Id.* at 679.

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (parallel citations omitted).

Building upon the landmark Supreme Court decisions in *Twombly* and *Iqbal*, the Court of Appeals in *Connelly* reiterated the three-step process district courts must undertake to determine the sufficiency of a complaint:

> First, it must "tak[e] note of the elements [the] plaintiff must plead
> to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify
> allegations that, "because they are no more than conclusions, are
> not entitled to the assumption of truth." *Id.* at 679. *See also Burtch
> v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere
> restatements of the elements of a claim are not entitled to the
> assumption of truth." (citation and editorial marks omitted)).
> Finally, "[w]hen there are *well-pleaded factual allegations, [the]
> court should assume their veracity* and then determine whether
> they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S.
> at 679.

*Connelly*, 809 F.3d at 787 (parallel citations omitted). At the motion to dismiss stage, "for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss[,]" but need allege "'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Connelly*, 809 F.3d at 788-89

6

(quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556)) (footnote and parallel citations omitted).

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Serv. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents. *Id.* A district court may consider these documents without converting a motion to dismiss into a motion for summary judgement. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, pleadings and, in particular, pro se complaints are to be liberally construed. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (holding that, when a plaintiff files a complaint pro se, the pleadings must be liberally construed, and the Court must "apply the applicable law, irrespective of whether [the] pro se litigant has mentioned it by name")). *See also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 322 (3d Cir. 2001) (dissenting opinion). Indeed, a pro se complaint "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins*, 293 F.3d at 688 (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges

7

deprivation of any right secured by the Constitution." (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993))). However, there are limits to the court's procedural flexibility—"pro se litigants still must allege sufficient facts in their complaints to support a claim" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

## III. ANALYSIS

Defendant Connellsville argues that Plaintiff has failed to state a claim for failure to train and failure to supervise and discipline pursuant to § 1983.[2] Plaintiff responds that Connellsville is liable for injuries caused by the acts of Defendant Reese resulting in an alleged malicious prosecution.

In order to "state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (citation omitted). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States of any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must demonstrate both that the defendants were acting under color of state law and that a constitutional violation was directly caused by their conduct. *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

---

[2] Defendant Connellsville also argues that Plaintiff failed to comply with the Court's Memorandum Order issued on March 28, 2018. (ECF No. 39.) However, as addressed above, Plaintiff is a pro se litigant and his pleadings must be held to a more lenient standard than formal pleadings drafted by lawyers. Thus, the Court will proceed by examining the allegations based on whether they state a plausible claim on which relief can be granted.

8

"[C]ourts within the Third Circuit treat municipalities and their police departments as a single entity for § 1983 claims." *Sims v. Tropicana Entm't, Inc.*, No. 13-1981, 2016 WL 4801431, at *3 (D.N.J. Sept. 9, 2016) (citing *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997); *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir. 1988), *overruled in part on other grounds by Leatherman v. Tarrant Cnty. Narcotics Intelliegnece & Coordination Unit*, 507 U.S. 163, 168 (1993)). Additionally, in *Monell*, the United States Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983. *Monell*, 436 U.S. at 690 (footnote omitted). Accordingly, the City of Connellsville is classified as a state actor and thus satisfies the first requirement to state a claim for relief under § 1983. Therefore, the Court need only examine whether plausibly, the Original and Amended Complaints allege sufficient facts to suggest that Connellsville deprived Plaintiff of a constitutional right.

### A. Municipal Liability Under *Monell*

The requirements for municipal liability have been recently reiterated by the United States Supreme Court in *Connick v. Thompson*:

> A municipality or other local government may be liable under [§ 1983] if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *See* [*Monell*, 436 U.S. at 692]. But, under § 1983, local governments are responsible only for "their *own* illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (citing *Monell*, 436 U.S., at 665-683). They are not vicariously liable under § 1983 for their employees' actions. *See id.*, at 691; *Canton v. Harris*, 489 U.S. 378, 392 (1989); *Board of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (collecting cases).

> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that "action pursuant to official policy" caused their injury. *Monell*, 436 U.S. at 691; see *id.* at 694. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so

9

> persistent and widespread as to practically have the force of law. *See ibid.*; *Pembaur, supra*, at 479-480.

*Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (parallel citations omitted).

Hence, to establish municipal liability pursuant to § 1983, the plaintiff must identify the policy, custom, or practice of the municipal defendant that results in the constitutional violation. *Monell*, 436 U.S. at 690-91. A municipal policy is deemed to have been made "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990), *superseded in part by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072 (1991) (quoting *Pembaur*, 475 U.S. at 481). On the other hand, a custom or practice can be found with no official declaration, and can be demonstrated in one of two ways:

> First, custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990); *accord* [*Beck v. City of Pittsburgh*, 89 F.3d at 971 (3d Cir. 1996)]. Secondly, "[c]ustom . . . may also be established by evidence of knowledge and acquiescence" of a practice "so permanent and well settled" as to have "the force of law," *Monell*, 436 U.S. at 691, since such customs are ascribable to municipal decisionmakers." *Bielevicz*, 915 F.2d at 850 (internal quotations omitted) (quoting *Anela v. City of Wildwood*, 790 F.2d 1063, 1067 (3d Cir. 1986)); *see also id.* at 853 ("Such well-established custom exists only with the approval or, at the very least, with the sufferance of policymakers"). A plaintiff cannot prove a custom simply by citing one instance of the custom asserted. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995); *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989). However, a showing that a well-established practice exists, and that the municipality has done nothing to end or change the practice, supports a finding of a custom attributable to the municipality. *See Bielevicz*, 915 F.2d at 852-53 (finding no basis for a directed verdict in favor of a municipality upon such a showing at trial).

*Izquierdo v. Sills*, 68 F. Supp. 2d 392, 406 (D. Del. 1999) (parallel citations omitted). *See also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (To establish municipal liability based upon a custom or practice, the plaintiff must demonstrate that the decision-maker had notice that a constitutional violation could occur and that the decision-maker acted with deliberate indifference to this risk.).

Finally, "[i]n addition to identifying a policy or custom, a plaintiff bears the burden of proving that the municipal practice in question was the proximate cause of the violation of his constitutional rights." *Hodinka v. Delaware Cnty.*, 759 F. Supp. 2d 603, 615 (E.D. Pa. 2011) (citing *Bielevicz*, 915 F.2d at 850). To accomplish this, the plaintiff must show either an "affirmative link" or "plausible nexus" between the custom or practice and the alleged constitutional deprivation. *Bielevicz*, 915 F.2d at 850-51. So long as this link is not too tenuous, whether the municipality was the proximate cause of the constitutional violation and thus the injury to the plaintiff, is a matter left to the jury. *Id.* at 851 (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)). *See also Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) ("The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.") (internal quotation and citation omitted).

Here, Plaintiff has failed to allege sufficient facts that, if true, would lead to the plausible conclusion that a policy of Connellsville proximately caused Plaintiff's injuries. Plaintiff contends that Connellsville failed to train and supervise its police officers resulting in a constitutional violation. (Amend. Compl. ¶ 20, ECF No. 41.) Although Plaintiff asserts that

Connellsville is responsible for the policies of the police department (*Id.* at ¶ 5), Plaintiff fails to identify any official proclamation, policy, or edict made by any person with final authority involving the training or supervision. Plaintiff further fails to identify any course of action chosen by city policymakers that plausibly lead to Plaintiff's alleged harm, or any other similar harm. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989) ("[m]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternative by city policymakers") (internal quotations omitted). Thus, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Plaintiff fails to satisfy the requirements for municipal liability based upon policy. *Iqbal*, 556 U.S at 678 (citing *Twombly*, 550 U.S. at 555).

Accordingly, the Court need only examine whether plausibly, the Complaint alleges sufficient facts to suggest that a City of Connellsville custom or practice was the moving force behind Plaintiff's alleged constitutional violations relating to the alleged failure to train or failure to supervise and discipline.

### 1. FAILURE TO TRAIN

To establish liability of a failure to train theory through custom or practice, a plaintiff must establish "that the need for more or different training was so obvious and so likely to lead to the violation of constitutional rights that the policymaker's failure to respond amounts to deliberate indifference." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (citing *Canton*, 489 U.S. at 390). "In resolving the issue of a city's liability for failure to train . . . 'the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform.'" *Sims*, 2016 WL 4801431, at *5 (quoting *Canton*, 489 U.S. at 390). "Ordinarily, a pattern of similar constitutional violations by untrained employees is necessary to demonstrate

deliberate indifference for purposes of failure to train." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014) (citing *Connick*, 563 U.S. at 62) (internal quotations omitted). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." [3] *Connick*, 563 U.S. at 62. Moreover, the identified deficiency in the training program "'[must have] actually caused' the constitutional violation." *Thomas*, 749 F.3d at 222 (quoting *Canton*, 489 U.S. at 391). Furthermore, the United States Supreme Court has held that "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Canton*, 489 U.S. at 389.

Here, Plaintiff has not alleged facts suggesting that the training Defendant Reese received was so deficient as to reflect Connellsville's deliberate indifference to Plaintiff's constitutional rights. First, Plaintiff fails to identify any training that Reese underwent while employed with Connellsville.[4] Plaintiff has alleged no facts regarding an official policy endorsing Defendant Reese's conduct. Nor does Plaintiff identify any deficiencies in Connellsville police training other than mere speculation. Plaintiff further fails to identify any similar acts by Defendant Reese or Connellsville police officers that would demonstrate that a course of training is deficient in a particular respect. *See Connick*, 563 U.S. at 62 ("[w]ithout notice that a course of training is deficient, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.").

---

[3] Although in some cases a single constitutional violation may amount to deliberate indifference, this is not one of them. The United States Supreme Court has limited this application to a narrow range of circumstances where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers ... [would be] deliberately indifferent to the need." *Canton*, 489 U.S. at 390.

[4] In the Amended Complaint, Plaintiff suggests that Defendant Reese *may or may not* have received training in the proper conduct between police and confidential informants. (Amend. Compl. ¶ 10, ECF No. 41) (emphasis added).

In that respect, there is nothing in the Original or Amended Complaints that would support an inference that the City of Connellsville was aware, or should have been aware, of deficiencies in Reese's training that he may have received relating to the proper conduct between police and confidential informants. The Original and Amended Complaints are further devoid of any allegations that could plausibly suggest the City of Connellsville's police officer training was inadequate, or that a systematic pattern of similar violations occurred. Put simply, the Plaintiff's facts do not show that there was an obvious need for more or different training. *See Canton*, 489 U.S. at 392 ("In virtually every instance where a person has had his or her constitutional right violated by a city employee, a § 1983 plaintiff will be able to point to something the city could have done to prevent the unfortunate incident.") (internal quotations omitted). In the present action, there is only speculation that a lack of training caused Defendant Reese to allegedly fabricate and falsify evidence while utilizing a confidential informant leading to Plaintiff's arrest and alleged malicious prosecution. Therefore, the Court cannot infer that further guidance was so obvious as to indicate deliberate indifference on the part of the City of Connellsville to Plaintiff's constitutional rights.

Accordingly, the Original and Amended Complaints lack factual allegations to establish a facially plausible failure to train claim against Connellsville. As the Court should be hesitant to engage "in an endless exercise of second-guessing municipal employee-training programs," Plaintiff's failure to train claim fails. *Canton*, 489 U.S. at 392. Furthermore, as Plaintiff was granted leave to amend his Complaint as to his failure to train claim and again failed to plead facially plausible allegations against the City of Connellsville, the Court will grant Defendant's motion with prejudice.

## 2. FAILURE TO SUPERVISE AND FAILURE TO DISCIPLINE

In circumstances where a supervising official knowingly permits a continuing custom or policy that results in a constitutional violation, § 1983 liability may attach. *See Colburn*, 838 F.2d at 673. To establish failure to supervise liability, "supervising officials 'must have played an affirmative role in the deprivation of the plaintiffs' rights[;] . . . the officials' misconduct cannot be merely a failure to act.'" *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986) (quoting *Commw. of Pa. v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981)). Personal involvement may be shown through "'allegations of personal direction or of actual knowledge and acquiescence.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "At a minimum, such liability attaches 'only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate.'" *Wyland v. Brownsfield*, No. CIV. A. 08-1601, 2011 WL 5445305, at *13 (W.D. Pa. Nov. 9, 2011) (quoting *Colburn*, 838 F.2d at 673) (citation omitted). No liability exists under § 1983 solely based on a theory of vicarious liability or respondeat superior. *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990) (citation omitted).

"[A] city may be liable for its failure to discipline an officer after multiple complaints against him, particularly where the prior conduct which the officer engaged in is similar to the conduct which forms the basis for the suit." *McDaniels v. City of Philadelphia*, 234 F. Supp. 3d 637, 645 (E.D. Pa. 2017) (citation and internal quotation marks omitted). Failure to discipline claims are similar to failure to train claims in that "it is not enough for the plaintiff to establish merely that the disciplinary process was inadequate. Rather, the plaintiff must show that the

15

city's failure amounted to deliberate indifference to the rights of persons with whom the police come into contact." *Id.*

Here, the Plaintiff has failed to allege facts that if true, would lead to the plausible conclusion that the City of Connellsville had knowledge of the alleged fabrication and falsification of evidence, or that the City had ever engaged in an act that would demonstrate acquiescence to and approval of such conduct. Moreover, Plaintiff's Original and Amended Complaints fail to identify similar incidents by Defendant Reese or other Connellsville police officers that could have alerted supervisors to such conduct.[5] Although Plaintiff attached several news articles in response to Defendant's Motion to Dismiss alleging that the Police Chief became aware of allegations that Defendant Reese had engaged in misconduct, including the prosecution withdrawing eight to ten drug cases investigated by Defendant Reese following an inquiry into his conduct, these events occurred no earlier than 2012. (ECF No. 26-3 at 2). As Plaintiff's arrest occurred in 2010 and conviction in 2011, Plaintiff again fails to plead facts that would lead to the plausible conclusion that Connellsville had knowledge that Reese fabricated evidence or that Connellsville had approved or acquiesced in Reese's conduct. Even though it appears that a second member of the Fayette County Drug Task Force was charged with stealing evidence from the evidence room at his police station, there is no evidence that Connellsville had any knowledge of the incident prior to the recommendation to convene a statewide grand jury in June of 2014.[6] (ECF No. 26-2 at 7).

The Complaints are further devoid of any facts that could lead the Court to infer that Connellsville supervisors gave personal direction ordering constitutional violations similar to the

---

[5] *See Connick*, 563 U.S. at 62.
[6] The article did not state whether the second officer was a City of Connellsville employee while working with the Fayette County Drug Task Force.

16

allegations here. Plaintiff merely speculates that there was a failure to supervise Defendant Reese without tendering factual support for this claim. Even after liberally construing the pro se Plaintiff's pleadings, Plaintiff does not allege enough facts to state a claim to relief that is plausible on its face.[7] Again, as the Plaintiff was granted leave to amend his Complaint and failed to plead facially plausible allegations supported by more than mere speculation, the Court will grant Defendant's Motion as it relates to his failure to supervise claim with prejudice.

Thus, because Plaintiff's failure to supervise claim fails due to Connellsville's lack of knowledge of Reese's alleged misconduct prior to 2012, Plaintiff's failure to discipline claim also fails. Plaintiff has alleged no facts sufficient to allow the Court to draw a reasonable inference that Connellsville had a basis for disciplining Defendant Reese until after Plaintiff's arrest and conviction. Accordingly, Plaintiff fails to plausibly make out a claim against Connellsville under *Monell*. As Plaintiff was granted leave to amend his Complaint and failed to plead sufficient factual matter that states a claim to relief as to Connellsville, the Court will grant Defendant's Motion as it relates to his failure to discipline claim with prejudice.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendant City of Connellsville's Motion to Dismiss Plaintiff's claims against it with prejudice.

An appropriate Order will follow.

---

[7] *See Twombly*, 550 U.S. at 570 (A complaint must be dismissed even if the claim is conceivable, because a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face.")

17

Dated: August 3, 2018

                                                  Lisa Pupo Lenihan
                                                  United States Magistrate Judge

cc:    Anthony Keffer
        Via electronic filing