# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY K. KEFFER, | |
| Plaintiff, | Civil Action No. 2:17-cv-00332-LPL |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| RYAN REESE, and THE COUNTY OF FAYETTE, | |
| Defendants. | ECF No. 43 |

## MEMORANDUM OPINION

### I. INTRODUCTION

On March 15, 2017, Anthony K. Keffer ("Plaintiff"), proceeding pro se, initiated this civil action against Ryan Reese ("Officer Reese") and the County of Fayette (the "County") (collectively "Defendants"). (ECF No. 1). In the Amended Complaint, Plaintiff advances claims under 42 U.S.C. § 1983 alleging constitutional violations arising out of his 2009 arrest and subsequent prosecution.[1] (ECF No. 41). Presently pending before the Court is a Motion to Dismiss filed by Defendants. (ECF No. 43). For the reasons that follow, the Court will grant the Motion as it pertains Plaintiff's claim for false arrest against Officer Reese, and deny the Motion as it pertains to the claims against Officer Reese for malicious prosecution and fabrication of evidence. In addition, the Court will deny the Motion as it relates to municipal liability against the County.

### II. STATEMENT OF FACTS[2]

---

[1] Plaintiff also asserts that the present action is authorized under 42 U.S.C. § 1985, which encompasses claims for conspiring to interfere with civil rights. Plaintiff, however, does not allege any facts supporting a § 1985 conspiracy claim. Accordingly, the Court will limit its analysis to Plaintiff's § 1983 claims.

[2] As Plaintiff is proceeding pro se, the factual allegations in his amended complaint are to be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Despite the Court's instructions, Plaintiff improperly reincorporated factual claims from the initial complaint into the amended complaint. (ECF No. 40). Additionally, Plaintiff did not respond to Defendants' present motion. However, given Plaintiff's pro se status, the Court will consider the factual allegations in both complaints, along with the arguments in Plaintiff's initial brief in opposition. (ECF Nos. 5, 41, 26).

In 2002 or 2003, Officer Reese was assigned to the County's Drug Task Force (the "Task Force"), and by 2009, was the Task Force's supervisor. (ECF No. 41 ¶ 19). On September 30, 2009, Officer Reese arrested Plaintiff—pursuant to an arrest warrant—for selling Oxycontin to a confidential informant. (ECF Nos. 5 ¶ 14; 41 ¶ 24). The next day, Plaintiff posted bond and was released pending a preliminary hearing. (ECF No. 5 ¶ 14). At that hearing, held on October 30, 2009, Plaintiff waived all charges and the case was bound over to the court of common pleas. (*Id.*). On December 15, 2009, Plaintiff was charged with one count of delivery of a controlled substance and one count of possession with intent to deliver a controlled substance in violation of 35 P.S. § 780-113(a)(30). (*Id.* ¶¶ 14, 15). On September 9, 2010, Plaintiff was convicted of both counts and subsequently sentenced to 27 to 54 months' imprisonment. (*Id.* ¶¶ 19, 20). After the Superior Court of Pennsylvania affirmed the judgment of his sentence, Plaintiff petitioned under Pennsylvania's Post Conviction Relief Act (the "PCRA").[3] (*Id.* ¶¶ 23–24).

Plaintiff avers that on November 1, 2012, Officer Reese was suspended from the Task Force after he admitted to having sexual relations with two female informants. (ECF No. 41 ¶ 19). The ensuing investigation revealed that Officer Reese allegedly engaged in sexual relations in exchange for money and/or drugs with six additional women from 2005 through 2012, paid a woman to plant controlled substances in a house, and stole money from drug suspects. (*Id.*). Plaintiff avers that these allegations led to Officer Reese's dismissal from the Task Force on February 11, 2013. (*Id.*). Plaintiff alleges that Officer Reese was subsequently convicted of corruption of a minor in November 2016, and official oppression in December 2017 relating to his conduct when dealing with confidential informants. (ECF Nos. 5 ¶ 59; 41 ¶¶ 14, 15).

---

[3] 42 Pa. Cons. Stat. § 9501 *et seq*.

On October 3, 2013, Plaintiff's PCRA petition was granted and his conviction was vacated. (ECF No. 5 ¶ 32). Plaintiff was retried and, on May 6, 2014, a mistrial was declared after the jury deadlocked on the two charges. (*Id.* ¶ 39). During the retrial, Plaintiff discovered that allegedly exculpatory evidence against him had been destroyed. (*Id.*). This discovery prompted Plaintiff to file a motion to dismiss the criminal complaint against him. (*Id.* ¶ 43). The trial court granted Plaintiff's motion but the Superior Court of Pennsylvania reversed and reinstated the charges against Plaintiff. (*Id.* ¶¶ 44, 48). Thereafter, the prosecution requested the court to enter a *nolle prosequi* ("nol pros")—citing its inability to sustain the burden of proof—and the charges against Plaintiff were abandoned on March 5, 2015. (*Id.* ¶ 50).

### III. PROCEDURAL HISTORY

Based upon the foregoing, Plaintiff initiated the present action on March 15, 2017, by submitting a pro se motion to proceed in forma pauperis ("IFP"). (ECF No. 1). On April 10, 2017, Plaintiff was granted IFP status and the Complaint was docketed the next day. (ECF Nos. 4, 5). Plaintiff claims that Officer Reese falsely arrested him—based upon fabricated evidence—and maliciously prosecuted him. (ECF Nos. 5 ¶¶ 14, 56; 41 ¶ 9). Plaintiff also seeks to hold the County responsible for failure to train members of the Task Force. (ECF No. 5 ¶¶ 66–68).

On September 25, 2017, the County filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), which the Court granted in part and denied in part on February 16, 2018.[4]

---

[4] In resolving that Motion, the Court noted that the County did not move for dismissal of any claims against itself along with several claims implicating the County's former District Attorneys—Nancy Vernon and Jack Heneks Jr.—and the County's Assistant District Attorney—J.W. Eddy (collectively, "County Defendants"). (ECF No. 35, at 8 n.3, 9). Therefore, the Court did not terminate the County or County Defendants from this case. (ECF No. 36). However, the docket reflects that County Defendants were erroneously terminated on February 20, 2018, along with the County on April 19, 2018, apparently as a result of being omitted from the caption of the Amended Complaint filed on April 18, 2018. These are the kind of errors recognized by Federal Rule of Civil Procedure 60(a), i.e., an error "of the sort that a clerk or amanuensis might commit, mechanical in nature," rather than an error or omission by the court in its judgment. *United States v. Bennett*, 423 F.3d 271, 278 (3d Cir. 2005). Under Rule 60(a), [t]he court may correct a clerical mistake or a mistake arising from oversight or omission . . . on its own, with or without notice." Fed. R. Civ. P. 60(a). Accordingly, the Court will *sua sponte* reinstate the County of Fayette and County Defendants Vernon,

(ECF Nos. 15, 35, 36). On October 13, 2017, Officer Reese filed a Motion to Dismiss under Rule 12(b)(6). (ECF Nos. 22). On November 6, 2017, Plaintiff filed a brief in opposition. (ECF No. 26). On April 18, 2018, following instruction by the Court, Plaintiff filed an Amended Complaint. (ECF No. 41). Accordingly, the Court dismissed Officer Reese's Motion to Dismiss the initial Complaint as moot on April 20, 2018. (ECF No. 42). On May 2, 2018, Defendants filed the present Rule 12(b)(6) motion to dismiss the Amended Complaint along with a brief in support to which Plaintiff did not respond. (ECF Nos. 43, 44).

**IV.     LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). While "accept[ing] all of the complaint's well-pleaded facts as true," the Court "may disregard any legal conclusions." *Id.* at 210–11.

To survive the motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

---

Heneks, and Eddy in the Order accompanying this Opinion. The Court also notes that it mistakenly relied on the incorrect termination of these individual Defendants in its Order at ECF No. 40.

4

action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In sum, the plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014).

To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, the Court must take three steps: (1) outline the elements the plaintiff must plead to state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). The Court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688).

V. **ANALYSIS**

Section 1983 provides private citizens a right of action against:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .

42 U.S.C. § 1983. This statute does not create substantive rights but instead "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a viable § 1983 claim, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Karns v. Shanahan*, 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005)). Because there is no question that Officer Reese acted under color of state law, the Court's analysis focuses on whether Plaintiff has alleged deprivations of his constitutional rights.

As a threshold matter in any § 1983 suit, the Court must "'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S. Ct. 911, 920 (2017) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). Broadly construed, Plaintiff appears to allege Fourth Amendment claims of false arrest and malicious prosecution, in conjunction with a Fourteenth Amendment claim for fabrication of evidence claim against Officer Reese. He also asserts a municipal liability claim against the County. (ECF Nos. 5 ¶¶ 14, 56, 66–68; 41 ¶ 9). The Court will discuss each of those claims in turn.

### A. False Arrest

Plaintiff alleges that Officer Reese "falsely arrested [him] using fabricated/falsified evidence" for selling Oxycontin to a confidential informant. (ECF No. 5 ¶ 14). Broadly construed, Plaintiff may be advancing a Fourth Amendment false arrest claim against Officer Reese.[5] However, in Pennsylvania, the applicable statute of limitations period for a § 1983 action is two

---

[5] "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).

6

years.[6] And the statute of limitations for a false arrest claim, "where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process[,]" that is, "when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 397, 389-90 (2007). Here, December 15, 2009—when Plaintiff was charged through a criminal information—is the latest date that the two-year statute of limitations would begin to run. Because more than two years elapsed between that date and the filing of this action, Plaintiff false arrest claim is time barred and must be dismissed.

### B. Malicious Prosecution

Plaintiff also advances a Fourth Amendment malicious prosecution claim against Officer Reese. (ECF Nos. 5 ¶ 56; 41 ¶ 9). To state a claim for malicious prosecution under the Fourth Amendment a plaintiff must plead that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendants initiated the proceeding without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) he suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Geness v. Cox*, 902 F.3d 344, 355 (3d Cir. 2018) (quoting *Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017)). Because Plaintiff was incarcerated, he has undoubtedly met the last element, i.e., deprivation of liberty consistent with the concept of seizure. Therefore, the Court will limit its discussion to whether Plaintiff has sufficiently pleaded the first four elements of a malicious prosecution claim.

#### 1. *Plaintiff establishes that Officer Reese initiated the criminal proceeding.*

---

[6] "[A] § 1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015) (quoting *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir.2009)). "The question when the limitations period begins to run, however, is one of federal law." *Albright*, 510 U.S. at 316 n.6 (1994). Under Pennsylvania law, personal injury claims must be brought within two years of the accrual of the claim. 42 Pa. C.S. § 5524(7).

7

It is well established that "officers who conceal and misrepresent material facts to the district attorney are not insulated from a § 1983 claim for malicious prosecution simply because the prosecutor, grand jury, trial court, and appellate court all act independently to facilitate erroneous convictions." *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014) (quoting *Pierce v. Gilchrist*, 359 F.3d 1279, 1292 (10th Cir. 2004)). Here, Officer Reese arrested Plaintiff pursuant to an arrest warrant. (ECF Nos. 5 ¶ 14; 41 ¶ 24). In his brief, Plaintiff explains that Officer Reese "falsified information on the Affidavit of Probable Cause" to secure the arrest warrant and that Officer Reese also testified at Plaintiff's trial.[7] (ECF No. 26, at 6). These facts, which the Court must accept as true, establish that Officer Reese—as the arresting officer and an inculpatory witness—may have "influenced or participated in the decision to institute criminal proceedings" against Plaintiff and, therefore, "can be liable for malicious prosecution." *Halsey*, 750 F.3d at 297. Accordingly, Plaintiff has plausibly alleged that Officer Reese initiated the criminal proceeding against him.

 2. *Plaintiff establishes that the criminal proceeding ended in his favor.*

While "a grant of [nol pros] can be sufficient to satisfy the favorable termination requirement for malicious prosecution, not all cases where the prosecutor abandons criminal charges are considered to have terminated favorably." *Hilfirty v. Shipman*, 91 F.3d 573, 579-80 (3d Cir. 1996). Rather, "[a] nol pros signifies termination of charges in favor of the accused 'only when their final disposition is such as to indicate the innocence of the accused.'" *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (quoting Restatement (Second) of Torts § 660 cmt. a). Here, Plaintiff alleges that the prosecution nol prossed the charges against him due to its "inability to sustain [the] burden of proof[.]" (ECF No. 5 ¶ 50). In Pennsylvania, "the abandonment of

---

[7] Plaintiff's briefing may be used "to clarify allegations in [his] complaint whose meaning is unclear." *Pegram v. Herdrich*, 530 U.S. 211, 230 n.10 (2000).

charges for 'insufficient evidence' unquestionably provides 'an indication that the accused is actually innocent of the crimes charged.'" *Geness*, 902 F.3d at 356 (quoting *Hilfirty*, 91 F.3d at 580). Therefore, Plaintiff has sufficiently alleged that the criminal proceeding ended in his favor.

### 3. Plaintiff plausibly alleges that Officer Reese initiated the proceeding without probable cause.

The Third Circuit Court of Appeals has explained that:

> [w]here, as here, a probable cause finding was made by a neutral magistrate in connection with a warrant application, a plaintiff must establish "first, that the officer, with at least a reckless disregard for the truth, 'made false statements or omissions that create[d] a falsehood in applying for a warrant,'" and second, "that those assertions or omissions were 'material, or necessary, to the finding of probable cause.'" *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 468–69 (3d Cir. 2016) (quoting *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000)). Omissions are made with reckless disregard only if an officer withholds a fact "in his ken" that any "reasonable person would have known . . . [is] the kind of thing the judge would wish to know," *id.* at 470 (quoting *Wilson*, 212 F.3d at 788) (internal quotation marks omitted) . . . .

*Geness*, 902 F.3d at 356-57. In his brief, Plaintiff states that Officer Reese "falsified information on the Affidavit of Probable Cause" and "claim[ed] evidence that differed from the evidence in [Officer] Reese's possession." (ECF No. 26, at 6). He further indicates that Reese "testified to the lack of probable cause in that he 'could not say what changed hands.'" Plaintiff's averments suggest that Officer Reese made false statements or omissions in applying for the warrant, and that these assertions and/or omissions were necessary to the finding of probable cause. Accordingly, Plaintiff's allegations cross the line from possibility to plausibility that Officer Reese initiated the proceeding without probable cause. *See Iqbal*, 556 U.S. at 678.

### 4. Plaintiff establishes that Officer Reese acted maliciously or for a purpose other than bringing Plaintiff to justice.

As discussed above, Plaintiff includes factual allegations showing that Officer Reese "acted maliciously or for a purpose other than bringing the plaintiff to justice[.]" *Geness*, 902 F.3d

9

at 355 (quoting *Zimmerman*, 873 F.3d at 418). The following assertions suggest that Officer Reese acted with malice:

> Defendant Reese admitted under oath to a search that strayed from normal police standards, admitted to losing sight of confidential informant and testified to the lack of probable cause in that he "could not say what changed hands[,]" and falsified information on Affidavit of Probable Cause to secure arrest warrant claiming evidence differed from the evidence in Reese's possession.

(ECF No. 26 at 6.) Accepting all pro se allegations as true, Plaintiff plausibly establishes that Officer Reese acted maliciously or for a purpose other than bringing the Plaintiff to justice. Accordingly, Plaintiff satisfies the final element of a malicious prosecution claim and Defendants' Motion to Dismiss this claim will be denied.

### C.    Fabrication of Evidence

The Third Circuit Court of Appeals has held that "an acquitted criminal defendant may have a stand-alone fabricated evidence claim against state actors under the [D]ue [P]rocess [C]lause of the Fourteenth Amendment if there is a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged." *Black v. Montgomery County*, 835 F.3d 358, 371 (3d Cir. 2016). However, "for evidence to be considered 'fabricated' . . . [t]here must be 'persuasive evidence supporting a conclusion that the proponents of the evidence' are aware that evidence is incorrect or that the evidence is offered in bad faith." *Id.* at 372 (quoting *Halsey v. Pfeiffer*, 750 F.3d 273, 295 (3d Cir. 2014). Therefore, courts "look for allegations describing such evidence in a pleading designed to survive a motion to dismiss." *Boseman v. Upper Providence Twp.*, 680 F. App'x 65, 70 (3d Cir. 2017). Here, Plaintiff alleges that Officer Reese "falsely arrested [him] using fabricated/falsified evidence" for selling Oxycontin to a confidential informant. (ECF No. 5 ¶ 14). In his brief, Plaintiff explains that Officer

Reese "falsified information on the Affidavit of Probable Cause," "claim[ed] evidence that differed from the evidence in [Officer] Reese's possession," and that Officer Reese "testified to the lack of probable cause in that he 'could not say what changed hands.'" (ECF No. 26 at 6). Again, accepting all of the pro se Plaintiff's allegations as true and broadly construing them as the Court must, Plaintiff plausibly states a claim for fabrication of evidence pursuant to the Due Process Clause of the Fourteenth Amendment. Defendants' Motion will be denied as to this claim.

### D. Failure to Train and/or Supervise

Finally, Defendants argue that the municipal liability claims that remain against the County, if any,[8] should be dismissed with prejudice because the claims against Officer Reese fail to state constitutional violations pursuant to Federal Rule of Civil Procedure 12(b)(6). This argument must be rejected because the Court concludes at V.B.&C., *supra,* that Plaintiff has stated plausible claims for malicious prosecution and fabrication of evidence. Therefore, all claims against the County of Fayette remain and Defendants' Motion as to the County will be denied.

**CONCLUSION**

Based upon the foregoing, Defendants' Motion to Dismiss (ECF No. 43) will be granted in part and denied in part. The Motion will be denied as it relates to Fayette County and the claims against Officer Reese for malicious prosecution and fabrication of evidence. The Motion will be granted as it relates to the claim against Officer Reese for false arrest. The only other claims that remain in this case are those against individual Defendants Nancy Vernon, Jack Heneks Jr., and J.W. Eddy as described in this Court's Memorandum Opinion at ECF No. 35 at 9. Consequently,

---

[8] Defendants appear to argue that because Plaintiff's pro se Amended Complaint does not list Fayette County, that it may no longer be a named defendant in this civil action. As discussed above, the Court liberally construes the pro se pleadings and reads the Amended Complaint at ECF No. 41 in conjunction with the Original Complaint at ECF No. 5.

11

pursuant to Federal Rule of Civil Procedure 60(a), the Court, sua sponte, will reinstate the County of Fayette, Nancy Vernon, Jack Heneks Jr., and J.W. Eddy as party defendants who were erroneously terminated on the docket as discussed in Footnote 4, *supra.*

An appropriate Order will follow.

s/ Lisa Pupo Lenihan  
Lisa Pupo Lenihan  
United States Magistrate Judge

Dated: October 23, 2018